### D. McLennan et al. v. Chas. S. Fisher et al.

Decided May 28, 1910.

**1.—"Titled Land"—Constitution—Case Followed.**

Land is said to be "titled" when a patent is issued which on its face shows that the State has parted with its right and conferred it on the patentee. For reasons not appearing on the face of the patent the grant may be void or voidable, but the land embraced in it is nevertheless "land titled" within the meaning of section 2, article XIV, of the State Constitution. Winsor v. O'Connor, 69 Texas, 571, followed.

**2.—Estoppel—Calls in Deed.**

Calls in a deed for the boundary of another survey do not operate as an estoppel against the grantee in favor of strangers to the deed, but only between the parties thereto and their privies.

**3.—Deed—Boundaries—Intention of Parties.**

Although a boundary called for in a deed may be that of a void survey it will control when it is made to appear that it was intended by the parties to the deed that the land conveyed should not extend beyond said boundary. Such evidence destroys the supposition of mistake.

**4.—Trespass to Try Title—Plaintiff Must Prove Title.**

When a plaintiff in trespass to try title fails to prove title in himself to land in possession of the defendant, a recovery is properly denied him.

Appeal from the District Court of Haskell County. Tried below before Hon. C. C. Higgins.

*Thomason & Thomason* and *Stephens & Miller,* for appellant.

*John B. Durrett,* for appellee, Charles S. Fisher.

*H. G. McConnell* for appellee, Lee Pierson.

*S. W. Scott,* for plaintiff in error J. S. Rice, trustee of the estate of T. W. House (*Scott W. Key,* of counsel).

DUNKLIN, Associate Justice.—This is a suit in form of trespass to try title to recover a tract of land in Haskell County, eight hundred and twenty-seven varas wide, east and west, by three thousand, two hundred and nineteen varas long, north and south, covered by a patent issued to C. P. Killough.

The suit was instituted by T. W. House, who owned such interest in the land as was acquired by Killough as patentee, but afterwards T. S. Rice, trustee in bankruptcy for House's estate, was substituted as plaintiff in place of T. W. House.

Disclaimers of title were filed by all the defendants to all the land sued for except the northern portion of the survey, consisting of a

strip extending south two thousand, six hundred and sixty varas from the north boundary of the survey, and of the entire width of the survey. Upon his plea of limitation of ten years, the defendant Chas. S. Fisher was awarded the west half of this strip, while fifty-four and seventy-seven hundredths acres off the north end of the east half, was awarded to defendant Lee Pierson, and one hundred and thirty-six and eighty-one hundredths acres, the balance of the east half, was awarded to plaintiff as against D. C. McLennan, also a defendant in the suit, and the only defendant claiming that tract.

The Killough patent covered a supposed vacancy between the Coryell County school league No. 62 on its west, and surveys Nos. 54, 55 and 56 in block No. 1, in the name of the Houston & T. C. R. R. Company, on its east, all of which were patented long prior to the survey for the Killough patent. The Killough patent was issued July 30, 1889, and the survey upon which it was based was made by virtue of "U. B. Don. Cert. No. 27/45" in favor of C. P. Killough.

Donald McLennan owns the west half of said Houston & T. C. R. Company survey No. 55, and Lee Pierson owns survey No. 56 in the name of the same railroad company. In the patents to these two surveys their west boundary lines are recited to be in the east boundary of the Coryell County school league No. 62. With these calls in those patents, appellant McLennan contends that the Killough survey was void because the patents issued by the State to the railroad company surveys above mentioned, purported to cover the land in controversy, and therefore, the supposed vacancy was "land titled" within the meaning of section 2, article xiv, of the State Constitution, which reads:

"That all genuine land certificates heretofore or hereafter issued shall be located, surveyed or patented, only upon vacant and unappropriated public domain, and not upon any land titled or equitably owned under color of title from the sovereignty of the State, evidence of the appropriation of which is on the county record or in the General Land Office, or when the appropriation is evidenced by the occupation of the owner, or of some person holding for him."

It is not contended that the certificates by virtue of which the land was surveyed by the Houston & T. C. R. Co. were improperly issued; and the descriptions contained in the patents, in express terms, cover the land described in the patent to Killough. To show that the patents in favor of the railroad company do not operate to convey the State's title, resort must be had to facts aside from those apparent upon the face of the patents. Under such circumstances, the case of Winson v. O'Conner, 69 Texas, 571, cited by appellant, is decisive, and upon that authority appellant's contention is sustained. In that case our Supreme Court, speaking through Chief Justice Stayton, said: "Land is said to be 'titled' when a patent is issued, which, on its face, is evidence that the State has parted with its right and conferred it on the patentee. For reasons not appearing on the face of the patent, the grant may be void or voidable, but the land embraced in it is nevertheless, 'land titled' ". See also Texas, Mex. Ry. v. Locke, 74 Texas, 403; Gunter v. Meade, 78 Texas, 639; Howell v. Hanrick, 88 Texas, 413.

Defendant Donald McLennan was in possession of the one hundred and thirty-six and eighty-one hundredths acres of land awarded to

plaintiff Rice, and as the Killough patent was void, that land should have been awarded to McLennan. From this, it follows that the judgment in favor of defendant Lee Pierson against plaintiff for the fifty-four and seventy-seven hundredths acres, was correct. Lee Pierson has not complained of the judgment in favor of Charles Fisher for a part of the land claimed by the former. But by several assignments, McLennan has assailed the judgment denying him a recovery on his plea over against Fisher, for that part of the land covered by the Killough patent lying between the Coryell County school land on the west, and the one hundred and thirty-six and eighty-one hundredths acres above mentioned, on the east. In the deed to McLennan from the railroad company, the property conveyed was described as the west half of section 55 above mentioned, but it was also described by metes and bounds, and in so describing it, the east boundary of the C. P. Killough survey was called for as the west boundary of the land conveyed to McLennan. In effect, the court found that this call was a recognition by the parties to the deed that the east boundary of the Killough survey should be the west boundary of the land acquired by McLennan under the deed, and estopped McLennan from claiming otherwise. In his objection to this finding, McLennan insists that none of the elements of estoppel were shown; that the call in his deed last mentioned was a mistake; that the description of the property contained in his deed as the west half of section 55, should control and should fix his west boundary in the east boundary of the Coryell County school league, where, as found by the court, the west boundary of survey 55 had been fixed by the patent to that survey. We agree with appellant in his contention that the call in the deed designating the east boundary of the Killough survey as the west boundary of the land conveyed to McLennan, could not operate as an estoppel against McLennan in favor of Fisher or any other stranger to the deed. Williams v. Chandler, 25 Texas, 4. But there was evidence to warrant a finding that the parties to the deed understood and intended, at the time of the execution, that the property conveyed should not extend farther west than the east boundary of the Killough survey, and therefore, appellant's contention that we should now hold that the call under discussion was a mistake, is overruled.

As McLennan failed to establish a title by deed to any part of the land awarded to Fisher, the judgment denying him a recovery on his plea over against Fisher was correct, independent of the question whether or not Fisher, who was in possession of the land awarded to him, had sustained his plea of limitation of ten years.

The foregoing conclusions control all questions presented for our determination and render it unnecessary to discuss various other assignments of error presented by plaintiff in error Rice, and by appellant McLennan, and for the reasons given above, the judgment in favor of plaintiff Rice is reversed, and judgment here rendered in favor of McLennan for the land awarded to plaintiff Rice, but in all other respects the judgment is affirmed.

*Reversed and rendered in part, and affirmed in part.*